Clarence THOMAS, Petitioner-Appellant,

v.

PHILIP CAREY MANUFACTURING COMPANY et al., Defendants-Appellees.

No. 71-1702.

United States Court of Appeals, Sixth Circuit.

March 3, 1972.

———◆———

Phillip E. Kuhn, Memphis, Tenn., for petitioner-appellant.

Don A. Banta, Naphin, Banta & Cox, Chicago, Ill., for Philip Carey Co.

Tyrone C. Perkins, Executive Secretary-Treasurer, District Council No. 5., United Cement, Lime and Gypsum Workers International Union, AFL–CIO, CLC, Birmingham, Ala., on brief for Cement, Lime and Gypsum Workers, etc.

Before TOM C. CLARK, Associate Justice *, and PECK and KENT, Circuit Judges.

PER CURIAM.

In this action petitioner-appellant sought a declaratory judgment, preliminary and permanent injunctions, and back pay and attorney's fees against his employer and the defendant-appellee local union and its president, alleging wrongful discharge and discrimination on the basis of race in violation of petitioner's equal employment rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. The filing of the action in the District Court was preceded by the filing and processing of a grievance through the arbitration proceeding provided by the collective bargaining agreement entered into between the defendants-appellees. Petitioner therein sought reinstatement to his former job and classification with no loss in seniority and back pay, which relief with the exception of the back pay was granted. The present action seeks the recovery of the back pay denied in the arbitration proceeding.

The order of the District Court from which this appeal was perfected granted summary judgment in favor of the appellees on the authority of Dewey v. Reynolds Metals Company, 429 F.2d 324, (6th Cir.) aff'd., per curiam, 402 U.S. 689, 91 S.Ct. 2186, 29 L.Ed.2d 267 (1971). In this court, petitioner-appellant withdrew from his position that this is a class action and seeks to avoid the consequence of Dewey on the grounds that in the present action the employer and the union were both named as defendants. It is not, however, necessary to here determine whether there is a relevant distinction between the facts of this case and those in Dewey because the present case and one subsequently decided by this court are clearly indistinguishable. That case, Spann v. Kaywood Division Joanna Western Mills Co., 446 F.2d 120 (6 Cir., 1971), is exactly parallel in every material respect to the situation here existing, and we decline the appellant's invitation to overrule the Spann conclusion. See also Robert F. Newman v. Avco Corp., 451 F.2d 743 (6 Cir., 1971).

Affirmed.

* Associate Justice of the Supreme Court of the United States (retired), sitting by designation.